IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DARRIUS TERRELL SAUNDERS,**

Plaintiff,

v.  Civil Action No. **3:16CV818**

**WESTERN REGIONAL TIDEWATER JAIL,**

Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining that plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (finding that district court properly determined that Piedmont Regional Jail is not a "person" under § 1983). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the

defendant's conduct. Plaintiff's current allegations also fail to provide the defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on May 26, 2017 the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the May 26, 2017 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the May 26, 2017 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: JUN 2 2 2017
Richmond, Virginia